## Frazier v. Todd.

## FRAZIER v. TODD.

Specimen of a petition on a promissory note which was held to be too defective to sustain a judgment on general demurrer. (Note 98.)
The withdrawal of an answer upon the facts after demurrer overruled is not equivalent to a confession of judgment, and the judgment upon the demurrer may be assigned for error. (Note 99.)

Error from Cass. The plaintiff filed the following petition: "To the Honorable Judge of the 5th Judicial District:

"The petition of William S. Todd, a citizen of Bowie county, complaining of Ebenezer Frazier, a citizen of Cass [462] county, respectfully represents unto your honor that he holds a note on the said Ebenezer Frazier, by the name of E. Frazier, in the following words and figures:

"'$255. Twelve months from date I promise to pay W. S. Todd or bearer two hundred and fifty-five dollars for value received, with interest from the date. Dated 31st March, 1846. E. FRAZIER.;

"Which note remains due and wholly unpaid; wherefore your petitioner prays that the said Frazier be cited, &c., and for judgment against him for the amount of said note, interest according to the tenor thereof, and for costs of suit, &c. W. S. TODD."

The defendant demurred generally, and answered by a general denial. The demurrer having been overruled, the defendant withdrew his general denial; whereupon judgment was rendered for the plaintiff. Defendant assigned for error the overruling of his demurrer.

*Henderson, Everett* and *Duval,* for plaintiff in error.

I. The petition does not show in what court or in what county the suit was commenced. (1 Chitt. Pl., 306.)

II. Plaintiff does not allege in his petition that the note sued on was executed or delivered to him or to any other person, or that defendant, by the note, promised to pay the sum of money named in the note to plaintiff or any person who assigned it to him.

III. The plaintiff does not allege that he is the owner or legal or equitable holder of the note, or that he has any right to demand or receive the amount of the same. (Burton v. Anderson, 1 Tex. R., 97.)

IV. It may be contended by defendant in error in this case that it comes under the rule laid down by this court in the case of Cartwright v. Roff, (1 Tex. R., 78,) where it was held that the withdrawal of an answer by defendants is equivalent to a confession of judgment, and cures all defects of the [463] peti-

Frazier v. Todd.

tion. We think this case is quite different from that. In the case cited the whole answer was withdrawn. There was no demurrer in that case which had been passed upon and overruled by the court. Indeed, there was no demurrer at all in that case. The defendant had answered to the merits, and could not afterwards demur to the petition, as the answer filed was an admission of the sufficiency of the plaintiff's petition. In the case at bar the district judge passed upon and overruled the demurrer. It was not withdrawn, but relied upon; and the case now stands before this court precisely as it would have stood if the withdrawn answer had not been filed. The withdrawal of the answer after the demurrer had been overruled shows that the defendant relied upon the demurrer solely, and was willing to rest his case thereon.

*Mosely*, for defendant in error.

LIPSCOMB, J. The plaintiff in the court below seems to have been experimenting upon how much brevity could be used in making a good petition. But notwithstanding we do not intend to impugn, in the slightest degree, the old and time-honored and approved proverb "that a wise man speaks but little," yet it has always been considered that those who use language as a medium for the communication of ideas must employ words enough to explain their wants or meaning. The petition in this case is more defective than in the case of Jennings *v.* Moss, decided a few days ago; and we might rest the reversal of the judgment on the opinion of the court in that case.

But another point is presented in this: The defendant filed a general demurrer and an answer of general denial; his demurrer was overruled; he then abandoned his issue of fact, and the judgment was rendered against him as of *nil dicit.* We do not believe that by abandoning his issue of fact under the circumstances of this case his standing in this court is worse than if judgment had been rendered against him on [**464**] the demurrer, and he had declined answering over, resting on his right of having the judgment revised in the appellate court. It is with reluctance, when we see so many petitions crowded with senseless copies from an old English declaration, that we are called upon to censure one running into the opposite extreme. By the insertion of four or five apt and appropriate words the plaintiff would have framed a model petition; but wanting them, the petition is defective and the judgment must be reversed and remanded.

Judgment reversed.

NOTE 98.—Jennings *v.* Moss, *ante*, 452.
NOTE 99.—Storer *v.* Nichols, 22 T., 87.